Argued July 12, affirmed September 20, 1967

SWANGO ET UX, *Appellants, v.* THE COUNTRY
SQUIRE MOTEL, INC., ET AL, *Respondents.*
431 P. 2d 839

*Charles O. Porter,* Eugene, argued the cause for
appellants. With him on the briefs were Porter & Bach
and Peter Kelsay, Eugene.

*Richard Bryson,* Eugene, argued the cause for
respondents D-Lee, Inc., and Vira Corp. On the brief
were Calkins & Bryson and Darling, Vonderheit,
Hershner & Hunter, Eugene.

*Daryll E. Klein,* Portland, argued the cause for
respondent The Country Squire Motel. On the brief

were John H. Arenz and McMenamin, Blyth, Jones & Joseph, Portland.

*Richard W. Butler,* Eugene, argued the cause for respondents Texaco, Inc., and Shell Oil Company. On the brief were Thwing, Ferris, Atherly & Butler, Eugene.

Darling, Vonderheit, Hershner & Hunter, Eugene, filed a brief for respondent Standard Oil Company of California.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and HOLMAN, Justices.

PER CURIAM.

Plaintiffs brought this suit to enjoin alleged water pollution and for damages incurred because plaintiffs' cattle became ill from drinking such polluted water. The suit was tried without a jury and the trial court found for the defendants. The plaintiffs appeal.

■ This is a suit in equity and, therefore, tried de novo before this court; however, considerable weight is given to the trial court's findings.

The defendants own or operate service stations and a large motel, bar and restaurant called The Country Squire. One of the defendants built a sewage disposal plant to treat the water from such operations. In the summer the discharge from such plant went first into a holding tank and then some part of it went into an irrigation system known as Muddy Creek. In the wintertime the discharge went directly into Muddy Creek.

Plaintiffs operated a farm downstream from The Country Squire. Plaintiffs raised cattle. They contend

that their cattle became ill and lost weight from drinking the water in Muddy Creek, all to their damage.

The crux of the trial court's written opinion is as follows:

"* * * the Court finds that the plaintiffs have not shown by a preponderance of the evidence, much less by clear and convincing proof, that the actions of the defendant, or one or more of them, caused the illness in the plaintiffs' cattle * * *."

Plaintiffs are frank to admit that it is difficult to determine the exact cause of the cattle's illness. While this presents a problem to plaintiffs, the difficulty should not operate to the defendants' detriment as would result if we departed from the usual rules governing the evidence necessary to prove causation.

Dr. McCormack, a veterinarian called by plaintiffs, was probably plaintiffs' strongest witness on causation. He testified on direct examination that the drinking of the water of Muddy Creek by Swango's cattle was a "major contributing factor" to the cattle's illness. On the other hand, this witness admitted he did not know what it was in the water that caused the trouble or the source of the offending substance, whatever it was. He did not know whether the unknown substance was chemical or bacterial. He also testified that even prior to the commencement of defendants' operations he had treated plaintiffs' cattle for this same type of illness and it had originated from several causes.

Dr. Holmes, a veterinarian with the Oregon State Board of Health, similarly had the opinion that the water was a cause of the trouble, but he also could not identify what it was in the water that caused the trouble.

Mr. Stoner, Director of the Division of Sanitation of Lane County, was also called by the plaintiffs. He testified that tests taken by his organization showed Muddy Creek to be more polluted above The Country Squire than below. He explained that this condition was probably caused by cattle pasturing above The Country Squire.

A majority of the witnesses, including those with government agencies, were of the opinion that Muddy Creek, below The Country Squire, was not unsafe for cattle to drink and that the water which went into Muddy Creek after discharge from the defendants' sewage disposal plant would not render the water unsafe for cattle to drink.

In the light of this evidence we find, as did the trial court, for the defendants.

Affirmed.